Damon Wesley WHITEHEAD, Plaintiff–Appellant,

v.

Larry D. CHANDLER, Warden, Defendant–Appellee.

No. 03–5310.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before MARTIN and SUTTON, Circuit Judges; and MILLS, District Judge.*

## ORDER

This is a direct appeal from a district court judgment denying, in relevant part, a request for injunctive relief in a prisoner civil rights case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Kentucky inmate Damon Wesley Whitehead filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in which he sought monetary damages and injunctive relief from named and unnamed correc-

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-
nois, sitting by designation.

tions officers at the Luther Luckett Correctional Complex. The district court denied the request for injunctive relief and dismissed all but one of the claims against the Warden of the Complex. This appeal followed.

In the absence of certification under Fed.R.Civ.P. 54(b), an order disposing of fewer than all of the claims and parties is ordinarily not appealable as a final judgment under 28 U.S.C. § 1291. *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 59–60 (6th Cir.1986). In the case at bar, the district court dismissed all of Whitehead's claims against all the named and unnamed defendants except for an Eighth Amendment claim against the Warden. This court lacks jurisdiction to review the dismissal of these claims as the district court did not certify the order on appeal under Rule 54(b) and it does not appear that a final decision of the district court has been entered during the pendency of this appeal. *See Gillis v. United States Dep't of Health & Human Servs.,* 759 F.2d 565, 569 (6th Cir.1985). This court does, however, have jurisdiction of appeals from "[i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). This court reviews a district court's decision to grant or deny a permanent injunction, including both its factual and legal conclusions, de novo when constitutional facts are at issue. *See Women's Med. Prof'l Corp. v. Voinovich,* 130 F.3d 187, 192 (6th Cir. 1997).

In its opinion, the district court noted that Whitehead no longer is incarcerated in the Luther Luckett Correctional Complex, where all of the individual defendants are employed. Under these circumstances, as the district court also observed, Whitehead's requests for injunctive relief against these defendants are moot. As Whitehead has not challenged this conclusion on appeal and as it otherwise appears to be correct, we agree with the district court's decision to reject Whitehead's claims for injunctive relief as a matter of law.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.